# United States Bankruptcy Court
## District of Delaware
824 N. Market Street
Wilmington, DE 19801

JUDGE BRENDAN LINEHAN SHANNON

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2915

June 24, 2011

Tara A. Blakely, Esquire
Blakely, Gregory & Pappoulis
896 South State Street
P.O. Box 1428
Dover, DE 19904

Frederick B. Rosner, Esquire
The Rosner Law Group LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801

Re:  In re: Calvin Williams
     Case No. 10-11108 (BLS)

Dear Counsel:

This letter constitutes the Court's ruling on the issues presented in a trial held on April 21, 2011. Because the Court writes for the parties in the context of the particular facts at bar, I will dispense with a lengthy discussion of the background of this dispute.

Debtor Calvin Williams (the "Debtor" or "Mr. Williams") filed a petition for relief under Chapter 13 of the Bankruptcy Code on March 31, 2010 (the "Petition Date"). Among his listed assets was a fee simple ownership interest in a residential cooperative apartment (the "Property") located in Brooklyn, New York that had previously served as the Debtor's residence but is presently occupied by the Debtor's mother. At trial, the parties introduced into evidence the property lease (the "Lease") relating to the Property.

The record developed at trial reflects that Mr. Williams had fallen substantially behind on his maintenance obligations (as defined under the Lease) relating to the Property. Tallying up the missed payments and a missed extraordinary assessment (for repairs relating to a fire in the building in which the Property is located), the Debtor was in arrears by approximately $11,000.00 (the "Maintenance Arrears").[1]

Prior to and after the Petition Date, Goldin Management, Inc., the manager of the Property (the "Property Manager") engaged and utilized counsel to pursue payment of the Debtor's outstanding obligations. These efforts were largely successful, in that the parties stipulated at trial that Mr. Williams had paid the Maintenance Arrears in full. However, the Property Manager's legal bills (which are properly chargeable to Mr. Williams pursuant to Lease ¶ 28) total $20,822.75 and remain outstanding.

---

[1] The record at trial is unclear as to whether the Maintenance Arrears were $11,000.00 or approximately $16,000.00. For reasons stated infra, it is not necessary to resolve this uncertainty in order to dispose of the matter at bar.

U.S. Bankruptcy Court
The Honorable Brendan Linehan Shannon
June 24, 2010
Page 2

Mr. Williams has filed a Chapter 13 plan (the "Plan") pursuant to which he proposes to assume the Lease to the Property. The Property Manger has objected to confirmation of the Plan because he contends that the Plan does not fully cure the Debtor's outstanding defaults under the Lease (viz., the legal fees) and that assumption of the Lease is therefore prohibited.

Assumption of the Lease is governed by Bankruptcy Code § 365, which requires that the Debtor "promptly cure" all prepetition defaults. 11 U.S.C. § 365(b)(1)(A). It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees. See, e.g., In re Crown Books Corp., 269 B.R. 12, 15 (Bankr. D. Del. 2001) (citing In re Child World, Inc., 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993) ("[C]ourts have held that attorneys' fees are recoverable as part of a cure claim only if the contract or lease specifically requires their payment."). It is equally well established that the determination and allowance of attorneys' fees as part of a cure claim is within the sound discretion of the Bankruptcy Court. See, e.g., In re Crown Books, 269 B.R. at 18 (citations omitted) ("Attorneys' fees are recoverable under section 365(b)(1) only if they are reasonable."); In re Pac. Sea Farms, Inc., 134 B.R. 11, 16 (Bankr. D. Haw. 1991) (citations omitted) ("The bankruptcy court has a duty to examine the reasonableness of all fees requested, even if there is no objection."); In re Westworld Cmty. Healthcare, Inc., 95 B.R. 730, 734 (Bankr. C.D. Cal. 1989) (stating that "courts have overwhelmingly applied the reasonableness test" to determine whether attorneys' fees are reasonable under § 365) (citations omitted); In re BAB Enters., Inc., 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989 ("Such a [reasonableness] test is appropriate when fees are to be paid from a bankruptcy estate, because such a test includes consideration of the needs to conserve the estate's expenses, to benefit the estate, and to examine the interests of all creditors.").[2] See also Lease ¶ 28 (providing for payment of "reasonable attorneys' fees and disbursements" to the lessor). This Court has previously considered the following factors when determining the reasonableness of an award of attorneys' fees: "(1) the amount of the dispute relative to the attorneys' fee requested, (2) the Debtor's good faith effort to estimate and resolve the cure claim, (3) the Debtor's compliance with the Code, and (4) whether the issue is a matter of first impression." In re Crown Books, 269 B.R. at 19.

In the instant case, based upon the record developed at trial and the exhibits introduced in connection therewith, the Court will allow and award the sum of $12,000 to the Property Manager as its remaining cure claim on account of attorneys' fees chargeable under Lease ¶ 28. The reduction in the amount allowed from the amount requested is warranted on several grounds. First, the Court notes that requested fees substantially exceed the amount of the Debtor's actual payment defaults under the Lease. Second, while the Property Manager clearly benefitted from

---

[2]    The court in In re BAB further explained the purpose of judicial determination of the reasonableness of requested attorneys' fees pursuant to § 365:

> If the bankruptcy court were to be excluded from a determination of the reasonableness of such fees, the landlord could obtain a "blank check" to the debtor's estate, which could be detrimental to the interests of other creditors. It is conceivable that a debtor could agree to pay unreasonably large fees to a lessor, which could make the assumption of a lease or contract unfavorable to the estate's or creditors' interests.

In re BAB, 100 B.R. at 984.

U.S. Bankruptcy Court
The Honorable Brendan Linehan Shannon
June 24, 2010
Page 3

its counsel's skill and experience, the Court notes that the hourly rate of $500 per hour exceeds rates typically charged by counsel operating in consumer Chapter 13 and Chapter 7 cases in this Court. See In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 849 (3d Cir. 1994) (holding that prevailing market rates for comparable services is a key test for determining the allowance of attorneys' fees).[3] Finally, the relatively discrete issues raised in this litigation over an interest in property in a Chapter 13 case do not warrant a bill of over $20,000.

Having determined that the cure claim on the Lease is $12,000, the Court would consider confirmation of a Chapter 13 plan that provides for payment in full of that cure claim within 15 months of confirmation. See In re Valley View Shopping Ctr., L.P., 260 B.R. 10, 26 (Bankr. D. Kan. 2001) (allowing payment of cure amount over two years by debtor seeking to assume 22-year lease); In re Mako, Inc., 102 B.R. 818, 821 (Bankr. E.D. Okla. 1988) ("The period of time that is considered 'promptly' may vary in accordance with the circumstances on a case by case basis. Under the appropriate set of facts, a period of time in excess of a year could be prompt.") (citations omitted) (internal quotation marks omitted); In re Coors of N. Miss., Inc., 27 B.R. 918, 922 (Bankr. N.D. Miss. 1983) (allowing cure payments within three years is "prompt" relative to "the prospective longevity of [the debtor's] successful business operation"). Accordingly, the Debtor may file a modified plan consistent with my comments and rulings above and calendar it for consideration at the next properly available confirmation hearing before the Chapter 13 Trustee.

Very truly yours,

Brendan Linehan Shannon
United States Bankruptcy Judge

BLS/jmw
cc:  Michael B. Joseph, Esquire

---

[3] The Court further notes that such rates are allowable, and have been previously demonstrated to be consistent with prevailing market rates, in the context of corporate Chapter 11 cases.